Hesketh v. Murphy.

MARY ANN HESKETH,

v.

JOHN MURPHY, executor and trustee.

A trust "to employ the annual income of the said moneys so invested, and from time to time to be invested, for the relief of the most deserving poor of the city of Paterson aforesaid forever, without regard to color or sex; but no person who is known to be intemperate, lazy, immoral or undeserving, to receive any benefit from the said fund," with a power of appointing and substituting trustees for those named, is a valid charity, and will be executed.

Bill to set aside trust for charity.

*Mr. D. C. Bolton* and *Mr. W. B. Gourley,* for complainant.

*Mr. H. A. Williams,* for defendant.

THE CHANCELLOR.

William S. Malcolm, late of Paterson, died in 1872. His will contained the following provision:

"After the death of my said wife, I hereby empower and direct my said trustees or trustee for the time being of this my will, to employ the annual income of the said moneys so invested, and from time to time to be invested, for the relief of the most deserving poor of the city of Paterson aforesaid

NOTE.—The following cases show instances of similar bequests to the poor which have been upheld as charities: To poor men decayed by misfortune or the visitation of God, *Skinner's Case, Moore 129;* for the marriage of poor virgins, *Porter's Case, 1 Co. 26;* for poor dissenting ministers living in any county, *Waller* v. *Childs, Amb. 524;* to place out apprentices and to be lent to decayed tradesmen, *Atty.-Gen.* v. *Coventry, 2 Vern. 397, Colles's P. C. 280;* to the poor inhabitants of S., *Atty.-Gen.* v. *Clarke, Amb. 422;* to the poor, *Atty.-Gen.* v. *Rance, Amb. 422; Atty.-Gen.* v. *Peacock, Finch 245;* for the poor inhabitants of S., in the county of H., and of B., in the county of H., *Hereford* v. *Adams, 7 Ves. 324;* for the relief of the poor of S., *Atty.-Gen.* v. *Wilkinson, 1 Beav. 372;* to church wardens to distribute amongst twelve poor people who

Hesketh *v.* Murphy.

forever, without regard to color or sex ; but no person who is known to be intemperate, lazy, immoral or undeserving, to receive any benefit from the said fund. And for the purpose of preserving and continuing a perpetual succession of trustees for the purpose of carrying into full effect the provisions of this my will, I do hereby empower my said trustees or trustee for the time being, if any, whether retiring from the office of trustee or not, or if none, then I direct and hereby empower the proving executors or executor for the time being, or the administrators or administrator for the time being, of the last surviving trustee, to substitute by any proper writing under his, her or

had lived in the parish for twelve years, "in honest fame and opinion," *Atty.-Gen.* v. *Bovill, 1 Phill. 762;* for the aid and relief of the poor citizens and inhabitants of E., "who are heavily burthened with the fee farm rents of that city, and other impositions and talliages," *Atty.-Gen.* v. *Exeter, 2 Russ. 45, 3 Russ. 395;* to the poor inhabitants of T. R., *Rogers* v. *Thomas, 2 Keen 8;* to the widows and orphans of L., *Atty.-Gen.* v. *Comber, 2 Sim. & Stu. 93;* to the widows and children of seamen belonging to the town of L., *Powell* v. *Atty.-Gen., 3 Meriv. 48;* to such poor widows or creditable, industrious unmarried women, upwards of forty years of age, residing in U. and C., having no relief from those places, *Russell* v. *Kellett, 3 Sm. & Giff. 264;* to the overseers of the poor of S., to be applied to their use and benefit, in aid of the poor rate, *Preece* v. *Howells, 2 B. & Ad. 744;* for the relief of the widows and orphans of the clergy of W., *Kilvert's Trusts, L. R. (12 Eq.) 183; (7 Ch. App.) 170;* for the education of poor children at a school about to be erected near C., *Society* v. *Price, 7 Irish Eq. 260;* to the monks of S., to provide clothing for the poor children attending their schools, *Carbery* v. *Cox, 3 Irish Ch. 231;* for building a house for reduced gentlewomen, *Atty.-Gen.* v. *Power, 1 Ball & B. 145; Atty.-Gen.* v. *Tancred, 1 Eden 10;* for clothing such poor children as should be educated in the school of the nunnery of W., *Ibid.;* to the poor " on my little estate in S.," *Bristow* v. *Bristow, 5 Beav. 289;* among poor pious persons, male or female, old or infirm, as the executors see fit, not omitting large and sick families, if of good character, *Nash* v. *Morley, 5 Beav. 177;* to be disposed of by A. B. and his executors at their discretion, among poor house-keepers, *Atty.-Gen.* v. *Pearce, 2 Atk. 87;* to faithful domestic servants settled in G., *Miller* v. *Rowan, 5 Cl. & Fin. 99.* See *Reeve* v. *Atty.-Gen., 3 Hare 191; Loscombe* v. *Wintringham, 13 Beav. 87;* to widows or poor orphans of non-conformist ministers, not being at the time worth upwards of £100 a year, and widows being upwards of fifty years of age, *Atty.-Gen.* v. *Glegg, 1 Atk. 356;* to be yearly disposed of forever in relieving the distressed and poor about G., in meat, drink and clothing, at the discretion of the executor, forever, *Atty.-Gen.* v. *Johnson, Amb. 190, note;* "some donation out of my property to the poor of the different places where I have estates," *Price* v. *Canterbury, 14 Ves. 363;* in relieving such distressed persons, either the widows or children of poor clergy-men, or otherwise, " as my said wife shall judge most worthy and deserving objects," *Waldo* v. *Coley, 16 Ves. 206;* see *Norris* v. *Thomson, 4 C. E. Gr. 308, 5 C. E. Gr. 489;* an annuity to three parishes of L., for the poor of the parishes,

Hesketh *v.* Murphy.

their hands or hand, any fit person or persons in whom alone, or, as the case may be, jointly, with the surviving or continuing trustees or trustee, my trust estate shall vest or proper assurance be vested."

The objection made to the gift is that it is too indefinite, especially seeing that, as it is contended, no power of selection of the objects is conferred. The gift is for the relief of the most deserving poor of the city of Paterson, without regard to color or

and the residue for the use of the poor in general forever, *Atty.-Gen.* v. *Matthews,* *2 Lev. 167.* To trustees, in such way as they might judge best calculated to promote the knowledge of the Catholic Christian religion among the poor and ignorant inhabitants of S. and W., *West* v. *Shuttleworth,* *2 Myl. & K. 684.* See *Atty.-Gen.* v. *Marchant,* *L. R. (3 Eq.) 424;* to the vicar and church wardens of the parish of O., for the benefit of the poor of the parish of O. and the adjoining parishes, *Atty.-Gen.* v. *Brandreth,* *1 You. & Coll. Ch. 200.* See *Edinburgh* v. *Aubrey,* *Amb. 236;* to pay and divide the residue at Christmas every year forever, amongst the aged poor of the parish, *Fisk* v. *Atty.-Gen.,* *L. R. (4 Eq.) 521;* for the employment and support of the poor of the parish of R., *Atty.-Gen.* v. *Blizard,* *21 Beav. 233;* to commissioners of emigration, for the benefit of poor persons emigrating to certain designated colonies, *Barclay* v. *Maskelyne,* *4 Jur. (N. S.) 1294;* to forty decayed families that are come to poverty purely by losses unavoidable; to forty poor widows upwards of fifty years of age, and not worth £40; to forty poor maidens whose parents formerly lived well, and are come to decay; to twenty poor boys to clothe and put out to apprentice, *Atty.-Gen.* v. *Speed,* *West's Ch. 491;* to be divided equally, twice in the year, between twenty aged widows and spinsters of the parish of P., *Thompson* v. *Corby,* *27 Beav. 649;* to purchase land, to be let out to the poor at a low rent, *Crafton* v. *Frith,* *15 Jur. 737.* See *Atty.-Gen.* v. *Leigh,* *2 Ves. 389;* *Atty.-Gen.* v. *Whitechurch,* *3 Ves. 141;* *Atty.-Gen.* v. *Drapers' Co.,* *2 Beav. 508;* *Reeve* v. *Atty.-Gen.,* *3 Hare 191;* for the relief of the poor in W., *Wilkinson* v. *Malin,* *2 Cr. & Jer. 636;* to be distributed every Sunday, after morning service, by the minister and church wardens of D. among so many poor of the parish as were most constant in attending divine service, *Ashton's Charity,* *27 Beav. 115;* for the most poor and needy that be of good life and conversation, that should be inhabiting the parish of K., *Campden Charities,* *L. R. (18 Ch. Div.) 310;* for providing a proper school-house for the instructing of twenty poor girls of the parish of B. in needle-work, reading and writing, and also for clothing them, *Johnston* v. *Swarm,* *3 Madd. 457;* also, *Atty.-Gen.* v. *Williams,* *2 Cox C. C. 387;* *Atty.-Gen.* v. *Lepine,* *2 Swanst. 181;* to the incumbent of U. for providing wine and bread for the sick poor of U., *Birkett's Case,* *L. R. (9 Ch. Div.) 576.* See *Strauss* v. *Goldsmid,* *8 Sim. 614;* *Atty.-Gen.* v. *Haberdasher's Co.,* *1 Myl. & K. 420;* in supporting or founding free or ragged schools for gutter children, or for the poorest of the poor, *Morley* v. *Croxon,* *L. R. (8 Ch. Div.) 156.* See *School Board* v. *Falconer,* *Id 571;*

sex, to whom alone it is to be confined.    A gift for the relief of
the poor of a city generally, is undoubtedly a valid charity.    *Shelf.
on Mortmain 62.*    And so, too, where the gift is confined to a
certain class of poor persons, as to poor, pious persons (*Nash* v.
*Morley, 5 Beav. 177*); or, to the widows and orphans (construed
to mean poor widows and orphans) of a parish (*Atty.-Gen.* v.

to the incumbents of C. and S., to be divided equally amongst three poor sick
or infirm people residing in their respective parishes, *Williams's Case, L. R.
(5 Ch. Div.) 735;* the surplus to be given by testator's executors every year
to poor pious members of the Methodist society of G. above the age of fifty
years, *Dawson* v. *Small, L. R. (18 Eq.) 114;* £50 for the poor of T., *Kane* v.
*Cosgrove, L. R. (10 Irish Eq.) 211;* for an almshouse for aged men and
women; for schools for poor boys and poor girls, and that every poor boy and
girl, when leaving the school, have a " Whole Duty of Man," or some other
of the books of devotion named; to redeem poor persons out of prison, *Atty.-
Gen.* v. *Bishop of Limerick, L. R. (5 Irish Eq.) 403.*    See *Thrupp* v. *Collett, 26
Beav. 125 ; Atty.-Gen.* v. *Painter Co., 2 Cox C. C. 51;* to set the poor on work,
and otherwise for the relief of the poor, in such parishes and in such manner
as the trustees named or their survivor should think fit, so as the parish of S.,
in the city of R., should be one of them, *Atty.-Gen.* v. *Ruller, Jac. 407;* to
trustees to pay the interest and dividends to the poor inhabitants of the parish
of L., in the county of M., forever, by half-yearly payments, *Atty.-Gen.* v.
*Freeman, Dan. 117, 5 Price 425.*    See *Atty.-Gen.* v. *Ward, 3 Ves. 328;* to V.,
his executors &c., desiring him to dispose of the same in such charities as he
thought fit, *recommending* poor clergymen with large families and good char-
acters, *Moggridge* v. *Thackwell, 1 Ves. 464, 7 Ves. 36 ;* bread to be distributed
to poor persons attending divine service, and chanting testator's version of the
Psalms [which could not be chanted, because not authorized], *Brantham* v.
*East Burgold, 2 Ves. 388 ;* to give a quartern loaf of bread to twenty persons
weekly, *Limbrey* v. *Gurr, 6 Madd. 151;* a moiety to be laid out in buying
corn and firing, to be given to the poor of W. about Christmas or New Year's
day, *Atty.-Gen.* v. *Wisbech, 6 Jur. 655 ;* to buy and distribute one hundred and
thirty-eight quarters of coals, or money to buy coals at 8*d.* per quarter,
amongst the poor, *Yordon's Charity, 5 Sim. 571;* for clothing and educating
eight poor boys in E., *Latmyer's Charity, L. R. (7 Eq.) 353 ;* for the garments of
twelve poor men and twelve poor women, at a specified price, *Merchant Tay-
lors' Co.* v. *Atty.-Gen., L. R. (11 Eq.) 35.*    See *Atty.-Gen.* v. *Wax Chandlers' Co.,
L. R. (5 Ch. App.) 503 ;* to keep a house in readiness for the reception of poor
plague patients during their sickness, and for a burial place for such as are
deceased, *Atty.-Gen.* v. *Earl of Craven, 21 Beav. 392 ;* to poor relations, or, in
default of them, to poor persons in the county of A., *Campbell* v. *Earl of Rad-
nor, 1 Bro. C. C. 271;* to necessitated decayed freemen of a designated com-
pany, their widows and children, not exceeding £10 a year to any family,
*Ironmongers' Co.* v. *Atty.-Gen., 10 Cl. & Fin. 908 ;* to and for the support,

Hesketh *v.* Murphy.

*Comber, 2 Sim. & Stu. 93*); and the deserving poor of a town. *Goodell* v. *Association, 2 Stew. Eq. 32.* "Where," says Lord Hardwicke, in *Atty.-Gen.* v. *Pearce, 2 Atk. 87*, "testators have not any particular person in their contemplation, but leave it to the discretion of a trustee to choose out the objects, though such person is private, and each particular object may be said to be

maintenance and education of the poor white citizens of Kent county generally, *State* v. *Griffith, 2 Del. Ch. 392, 421;* for the education of poor children belonging to the county, *Newson* v. *Starke, 46 Ga. 88* [overruling *Beall* v. *Drane, 25 Ga. 430*]; to the poor of Madison county, *Heuser* v. *Harris, 42 Ill. 425; Prickett* v. *People, 88 Ill. 115;* to the education of colored children in the state of Indiana, *Lindley's Case, 32 Ind. 367* [see *Grimes* v. *Hannon, 35 Ind. 198*]; to the county of O. in the state of Indiana, for colored children of said county, *Craig* v. *Secrist, 54 Ind. 419;* for the sole relief and benefit of poor widows over the age of fifty years, of irreproachable character, who have resided not under three years within eight miles of the town of W., and who have no certain income, *De Bruler* v. *Ferguson, 54 Ind. 549;* to the commissioners of L. county, for the use and benefit of the orphan poor, and for other destitute persons, of said county, *Comrs.* v. *Rogers, 55 Ind. 297;* for educating some poor orphans of this county, to be selected by the county court, * * * and to be confined to such as are not able to educate themselves, *Moore* v. *Moore, 4 Dana 354;* to the suffering poor of the town of A., *Howard* v. *Am. Peace Soc., 49 Me. 288;* for the comfort, relief and welfare of the poor and distressed within the city and neighborhood of P., *Deering* v. *Adams, 37 Me. 264;* to deserving relations and such indigent persons as they [the executors] may think worthy of the same, and in such manner as they may think proper, *Drew* v. *Wakefield, 54 Me. 291;* to the first committee of the school society in the town of R., for the use and benefit of such families in said society in their schooling, as shall not exceed, in the list of the town for the year, the sum of $50, *Birkard* v. *Scott, 39 Conn. 63;* to purchase fuel, to be given or sold at low prices, as may be deemed best by the trustees, to such worthy and industrious persons as are not supported in whole or in part at the public expense, *Webb* v. *Neal, 5 Allen 575;* to provide and sustain a home for respectable, destitute, aged, native-born American men and women, *Odell* v. *Odell, 10 Allen 1;* to provide groceries for the sick and infirm, and clothing and fuel for the helpless and needy, *Washburn* v. *Sewall, 9 Metc. 280;* to be applied to the use of the poor of Old South Church, *Atty.-Gen.* v. *Old South Society, 13 Allen 474;* to pay over to such of the aged and infirm native-born inhabitants of K., and maiden ladies who are native-born inhabitants of K., *although they be not aged*, as shall be deemed, by the person appointed for that purpose by the town of K, most needy, and no part shall be paid to any person who is receiving support as a pauper, *Fellowes* v. *Miner, 119 Mass. 541;* to take, receive and distribute the same among the poor, meritorious widows living and belonging within the limits of the First Ecclesiastical Society

Hesketh v. Murphy.

private, yet in the extensiveness of the benefit accruing from them they may very properly be called public charities. A sum to be disposed of by A. B, and his executors, at their discretion, among poor housekeepers is of this kind." The general principle is that courts of chancery uphold and administer gifts where they are made to particular purposes which are charitable within

of the town of N., *Sohier* v. *Burr, 127 Mass. 221;* to furnish relief to all poor emigrants and travelers coming to S. on their way *bona fide* to settle in the West, *Chambers* v. *St. Louis, 29 Mo. 543;* to be divided between two townships, according to their population, for the purpose of educating their poor orphan children, and any surplus to the poor widows, *Mason* v. *Trustees, 12 C. E. Gr. 47;* to testator's brother, to be applied at discretion to alleviating the wants and sufferings of the deserving poor of M., *Goodell* v. *Union Assn., 2 Stew. Eq. 32;* for the relief of such indigent persons residing in the township of F. as the trustee for the time being shall select, *Shotwell* v. *Mott, 2 Sandf. Ch. 46* [see *Bascom* v. *Albertson, 34 N. Y. 609*]; to executors, to apply at their discretion $50 a year to the relief of the poor of S. church, for a specified number of years, *McLoughlin* v. *McLoughlin, 30 Barb. 458;* for the education of the children of the poor, who shall be educated in the academy in the village of H., *Williams* v. *Williams, 8 N. Y. 525* [see *Bascom* v. *Albertson, 34 N. Y. 617*]; for the establishment of a free school or schools for the benefit of the poor of D. county, *State* v. *McGowen, 2 Ired. Eq. 9.* See *Black* v. *Ligon, Harp. Eq. 205;* after the death of B. to the poor of the county of B., *State* v. *Gerard, 2 Ired. Eq. 210;* to the bishop of North Carolina, in trust for the poor orphans of the state, and the said bishop and his successors to have the right to select such orphans, *Miller* v. *Atkinson, 63 N. C. 537.* See *Jack* v. *Reilly, 2 Hud. & Bro. 301; Mullanphy* v. *Peterson, 1 Mo. 758;* a school for orphan children or the children of poor and indigent parents, "who, in the judgment of my trustees, are best entitled to the donation, and it is my wish to clothe and maintain the indigent scholars as well as school them," *Griffin* v. *Graham, 1 Hawks 96;* to establish a school in the town of Z. for the poor children in said town, *Zanesville Manf. Co.* v. *Zanesville, 9 Ohio 203, 20 Ohio 483, 17 Ohio St. 352;* to such of the poor and needy and fatherless of J. and M. townships as are not able to support themselves, *Urmey* v. *Wooden, 1 Ohio St. 160;* to a church, to be laid out in bread annually for ten years, for the poor of the congregation, *Witman* v. *Lex, 17 Serg. & R. 88;* to a city to erect a hospital for the relief of the indigent blind and lame, *Philadelphia* v. *Elliott, 3 Rawle 170;* to alleviate the suffering of the most prudent poor, but not the intemperate, in procuring food, clothing and other necessaries which such persons want in winter, *Grandom's Estate, 6 Watts & S. 537;* for the distribution of good books among poor people in the back part of Pennsylvania, *Pickering* v. *Shotwell, 10 Pa. St. 23.* See *Atty.-Gen.* v. *Stepney, 10 Ves. 22; Browne* v. *Yeall, 9 Ves. 406;* to found a college for white male orphans, preference being given to orphans born in the city of P., *Sohan* v. *Phila., 33 Pa. St. 9; Phila.* v. *Girard,*

Hesketh v. Murphy.

the letter and spirit of the statute (*43 Eliz. c. 4*), or where they are made to charity generally, if there is a trustee with power to make them definite. *De Camp* v. *Dobbins, 2 Stew. Eq. 36.* In the case in hand the testator describes a class of persons for whose relief the trust is designed, and the duty of selection necessarily and obviously falls on the trustee.     By the terms of

*45 Pa. St. 9 ; Vidal* v. *Girard, 2 How. 128, 7 Wall. 14;* to the poor of several specified churches, during the winter, at the discretion of the pastor or trustees, *Yard's Appeal, 64 Pa. St. 95 ;* to apply the interest for ten years to the support of the poor of N. township, then to keep the principal for the use of the county forever, *Lawrence* v. *Leonard, 83 Pa. St. 206 ;* among poor white housekeepers and roomkeepers of good character residing in P., *Phila.* v. *Fox, 64 Pa. St. 169 ;* to apply to the relief of the destitute in such manner as charity is usually distributed by the minister at large in the city of B., *Derby* v. *Derby, 4 R. I. 414;* to the M. church, * * * for the purchase of Bibles and religious tracts, and the distribution of the same among the destitute, *Atty.-Gen.* v. *Jolly, 1 Rich. Eq. 99, 2 Strobh. Eq. 379;* to found a school for testator's children and their descendants, and those of his brothers and sisters, and such of the poor children of the county as the trustees might select, *Franklin* v. *Armfield, 2 Sneed 305 ;* also *Paschal* v. *Acklin, 27 Tex. 173 ; Perin* v. *Casey, 24 How. 465 ;* to the city of C., for the use and benefit of the poor of said city, *Hornberger* v. *Hornberger, 12 Heisk. 635;* to the ministry and vestry of the parish of L., for the use of the poorest inhabitants of the said parish, being honest people, *Richmond Co.* v. *Tayloe, Gilm. (Va.) 336 ;* to be expended in the education of the scholars of poor people in the county of O., *Clement* v. *Hyde, 50 Vt. 716 ;* for the education and tuition of worthy indigent females, *Dodge* v. *Williams, 46 Wis. 70 ;* to erect an orphan asylum in or near R., * * * to be open for the reception of all orphan children in said county, and such other poor, neglected and destitute children as the managers * * * may agree to receive, *Gould* v. *Taylor Orphan Asylum, 46 Wis. 106.* See *Russell* v. *Allen, 5 Dill. 235 ;* to the cities of N. and B., one-half to each, for the education of the poor in those cities, *McDonogh* v. *Murdoch, 15 How. 367 ;* $1,000 to be paid by my executor for the education of the freedmen of this nation, his best judgment and discretion to be exercised in said appropriation, *McAllister* v. *McAllister, 46 Vt. 272.* See *Meeting Street Society* v. *Hail, 8 R. I. 234 ;* to V. and C., to be received and loaned out by three commissioners of V. and C., and applied by them to the education and tuition of all the pauper and poor children of V. and C., whose parents are not able to support them, *Williams* v. *Pearson, 38 Ala. 299 ;* for an asylum for destitute orphan boys and girls at M., *Milne* v. *Milne, 17 La. 46 ;* for the benefit of the poor, *Loring* v. *Marsh, 2 Cliff. 469 ;* for the support of poor and old women, *Gooch* v. *Association, 109 Mass. 558 ;* for the relief of the Jewish poor, *Mayer* v. *Society, 2 Brews. 385 ;* also *Isaac* v. *Gompertz, Amb. 228, note ; De Costa* v. *De Paz, 2 Swanst. 490, note ;* for the benefit of needy single

---

Hesketh v. Murphy.

---

the gift, he is to employ the income for the purpose mentioned.
For want of a trustee this court would appoint one to execute
the trust. In *Barclay* v. *Maskelyne, 4 Jur.* (*N. S.*) *1294*, where
the gift was for the benefit of such poor persons emigrating as the
trustees should consider most deserving, and the trustees declined
to act, the court directed a scheme for the execution of the trust.
The gift in question is a valid charity.

---

women and widows; for the education and instruction of poor and needy chil-
dren in B., to furnish them with necessary clothing while attending school,
*Swasey* v. *Amer. Bible Soc., 57 Me. 523;* for the education of pious, indigent
youths, *McCord* v. *Ochiltree, 8 Blackf. 15;* to the five monthly meetings of
women Friends held in P., towards the relief of the poor members belonging
thereto, *Magill* v. *Brown, Brightly* (*Pa.*) *346;* a devise of lands for a site for
the erection of a hospital for foundlings, *Ould* v. *Washington Hospital, 1 Mc-
Arth. 541, 95 U. S. 303;* in trust for the county of A., for establishing and
supporting a manual labor school for poor white children of the county, *Kin-
naird* v. *Miller, 25 Gratt. 107;* to a lodge of freemasons, for the good of the
craft, or for the relief of indigent and distressed worthy masons, their widows
and orphans, *Duke* v. *Fuller, 9 N. H. 538.* See *Indianapolis* v. *Grand Lodge
25 Ind. 518; Babb* v. *Reed, 5 Rawle 151; Gorman* v. *Russell, 14 Cal. 535;
Thomas* v. *Ellmaker, 1 Clark* (*Pa.*) *502; Swift* v. *Beneficial Soc., 73 Pa. St. 362;
Blenon's Estate, Brightly* (*Pa.*) *338; Everett* v. *Carr, 59 Me. 325; King* v.
*Parker, 9 Cush. 71; Vander Volgen* v. *Yates, 3 Barb. Ch. 242.*

Some cases, however, hold similar bequests invalid, on the ground of un-
certainty, *Kendall* v. *Granger, 5 Beav. 300; Atty.-Gen.* v. *Fishmongers' Co., 2
Beav. 151; Ewen* v. *Barmerman, 2 Dow & Cl. 74; Lyons* v. *East India Co., 1
Moo. P. C. 175; Thompson* v. *Thompson, 1 Coll. 392; Heath* v. *Chapman, 2
Drew. 417; Limbrey* v. *Gun, 6 Madd. 151; Flint* v. *Warren, 11 Jur. 665; Beall*
v. *Drane, 25 Ga. 430; Lepage* v. *McNamara, 5 Iowa 124; Trippe* v. *Frazier, 4
Harr. & J. 446; Dashiell* v. *Atty.-Gen., 5 Harr. & J. 392, 6 Harr. & J. 1;
Wilderman* v. *Baltimore, 8 Md. 551; Needles* v. *Martin, 33 Md. 609; Good-
rich's Case, 2 Redf. 45; Gallego* v. *Atty.-Gen., 3 Leigh 450; Heiss* v. *Murphey,
40 Wis. 276; Beekman* v. *Bonsor, 23 N. Y. 298; Owens* v. *Missionary Society,
14 N. Y. 380; State* v. *Prewett, 20 Mo. 165; White* v. *Fisk, 22 Conn. 31; Lit-
erary Fund* v. *Dawson, 10 Leigh 147; Ayres* v. *Methodist Church, 3 Sandf. 351;
Barnes* v. *Barnes, 3 Cranch C. C. 269; Morse* v. *Carpenter, 19 Vt. 613; Taylor*
v. *Keep, 2 Bradw. 368; Janey* v. *Latane, 4 Leigh 327.*

See, further, *Loscombe* v. *Wintringham, 13 Beav. 89, note; Nichols* v. *Allen,
130 Mass. 211.*—REP.